UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JAMES ANDREW CHEEVER,                                          Civ. No. 2:10-cv-1181-SU

           Petitioner,

     v.                                                            FINDINGS AND RECOMMENDATION

MARK NOOTH,

           Respondent.

SULLIVAN, Magistrate Judge:

### BACKGROUND

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a decision to defer his parole. For reasons set forth below, the Petition for a Writ of Habeas Corpus (#1) should be denied.

In 1981, petitioner was convicted of one count of Attempted Murder, one count of Kidnapping in the First Degree, two counts of Rape in the First Degree, one count of Sodomy in the First Degree, and one count of Ex-Convict in Possession of a Firearm. Respondent's Ex. 101, p. 2. The Clackamas

Page 1 - FINDINGS AND RECOMMENDATION

County Circuit Court sentenced petitioner to consecutive indeterminate sentences totaling more than 100 years in prison. Respondent's Ex. 103, p. 42.

On November 1, 2006, the Board of Parole and Post-Prison Supervision ("the Board") reviewed petitioner's parole release date, issuing the following decision pursuant to Oregon Rev. Stat. § 144.125:

> The Board has received a psychological evaluation on inmate dated 09/25/2006. Based on the doctor's report and diagnosis, coupled with all the information that the board is considering, the board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community. The board has considered this matter under the laws in effect at the time of the committment [sic] of the offense(s).
>
> The Board defers release date for 24 months....

Respondent's Ex. 103, p. 138.

Petitioner filed an Administrative review request (Respondent's Ex. 103, p. 140), to which the Board responded with a decision that petitioner's claims were meritless. *Id.*, p. 52. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Cheever v. Board of Parole and Post-Prison Supervision*, 229 Or.App. 504 (Table, 7) (July 1, 2009), *rev. denied*, 347 Or. 258 (Table, 16) (Oct. 7, 2009).

Petitioner filed this federal habeas corpus action on September 27, 2010, alleging three grounds for relief: an *ex post facto* violation, a due process violation, and violations of the Americans with Disabilities and Federal Rehabilitation Acts. Respondent asks the court to deny relief on the bases that some of the claims present only state law issues, and that state court decisions on the remaining Federal claims are reasonable.

## DISCUSSION

*I. Standard*

Where a state court has adjudicated a federal claim on the merits, a federal court shall not grant an application for a writ of habeas corpus unless the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A petitioner can satisfy the "contrary to" clause only by showing either "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Where the "contrary to" clause is inapplicable, the "unreasonable application" clause places a heavy burden on the petitioner. "An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphases in original). "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*

The Supreme Court has not decided a case whose facts are materially indistinguishable from the case at bar. Accordingly, petitioner must show that the Oregon Court of Appeals applied the law unreasonably. *See Williams*, 529 U.S. at 413.

*II. Analysis*

On August 4, 2011, petitioner moved this court to extend the filing deadline for his supporting memorandum from August 18 to October 2 (#29), and this court granted the motion (#30). Petitioner again moved for an extended deadline on September 29 (#31). This court again granted the motion, extending the filing deadline to November 1, 2011.(#32). As of the date of this Findings and Recommendation, petitioner has neither filed a supporting memorandum nor communicated with the court in any other way. Although petitioner has not briefed any of his three grounds for relief, the Court has nevertheless reviewed each of them and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

*A. Ex Post Facto Violation*

Petitioner alleges that, because the legislature did not qualify the "present severe emotional disturbance" language in Or. Rev. Stat. § 144.125(3) with "such as to constitute a danger to the health and safety of the community" until 1981, the Board violated the *Ex Post Facto* clause when it considered the danger his emotional disturbance posed to the community as a factor in deferring his parole. Petitioner's claim is without merit.

Laws governing parole of prisoners are subject to *ex post facto* scrutiny. *Garner v. Jones*, 529 U.S. 244, 250 (2000). To violate the *Ex Post Facto* Clause, a law must be retrospective, "that is, it must apply to events occurring before its enactment...." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). Accordingly, the board did not violate the *Ex Post Facto* Clause if it properly applied a version of

Or. Rev. St. § 144.125(3) enacted prior to the date petitioner committed the offenses giving rise to his sentence. The Board, in reaching its decision, purported to have applied the correct law. *See* Respondent's Ex. 103, p. 134. Because petitioner committed his crimes in 1980, the appropriate law is Or. Rev. St. §144.125(3) (1977). The court finds that the Board properly applied that statute.

When an *ex post facto* analysis turns on the meaning of a state law, this Court "accepts the meaning ascribed to [that law] by the highest court of the state." *Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001). In *McCline v. Board of Parole and Post-Prison Supervision*, the Oregon Court of Appeals held that prior to the 1981 amendment, Or. Rev. St. § 144.125(3) could still be read to allow the board to consider an inmate's "emotional disturbance *and* his dangerousness." 205 Or.App. 144, 147, 133 P.3d 349, 351 (2006). That interpretation is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 75 (2005) ("a state court's interpretation of state law...binds a federal court sitting in habeas corpus") (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Accordingly, this court finds the parole board appropriately applied the law in effect at the time petitioner committed the relevant offenses. Hence, the *ex post facto* claim is without merit.

*B. Due Process Violation*

Petitioner argues that the Board violated a number of Oregon laws[1] when it classified him as dangerous. Petitioner's claim is without merit.

A petition for a writ of habeas corpus is only cognizable in federal court to the extent that it rests on alleged violations of federal or constitutional law. *See* 28 U.S.C. 2254(a), *see also Swarthout v. Cooke*, 131 S.Ct. 859, 891 ("Federal habeas corpus relief does not lie for errors of state law" (quoting *Estelle v. McGuire*, *supra.*, at 67)). Although a state may violate the Due Process Clause of the Fourteenth Amendment by creating a liberty interest and then applying unfair procedures for its vindication, the procedural requirements the Due Process Clause imposes on state parole statutes are minimal. In *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, the Supreme Court held that Nebraska comported with due process by affording inmates an opportunity to be heard and a statement of reasons for denial of parole. 442 U.S. 1, 16 (1979). Similarly, *Swarthout* held that California satisfied due process requirements by providing advance access to the inmates' records, an opportunity to be heard, and a statement of reasons for denial. 131 S.Ct. at 862.

Petitioner, like the inmates in *Swarthout* and *Greenholtz*, received an opportunity to be heard, Respondent's Ex. 103, pp. 113-36, and a statement of reasons for the deferral of his parole. *Id.*, p. 138. Because "[t]he Constitution does not require more," petitioner's due process claim is without merit. *See Greenholtz*, 442 U.S. at 16.

*C. Americans with Disabilities Act and Federal Rehabilitation Act Violations*

---

[1] Specifically, Or. Rev. Stat. §§ 161.725, 161.735, 144.125, 144.226, 144.228, and 144.232.

Petitioner alleges that the Board's consideration of his "present severe emotional disturbance" violated The Federal Rehabilitation Act (RA), the Americans with Disabilities Act (ADA), the Oregon State Constitution, Or. Rev. St. § 659A.142, and the Due Process Clause of the Fourteenth Amendment. For reasons set forth in the Due Process analysis, *supra*, neither the Due Process clause nor any Oregon law affords petitioner a basis for relief in this Court. For reasons set forth below, petitioner's RA and ADA claims also lack merit.

The ADA does not "categorically bar a state parole board from making an individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability." *Thomson v. Davis*, 295 F.3d 890, 894 n.4 (9th Cir. 2002). While a parole board may not "categorically exclude a class of disabled people because of their disabilities," *Id.* at 893-94, a board may nevertheless consider a disability that "leads one to a propensity to commit crime" in assessing the individual's fitness for release on parole. *Id.* at 894 n.4.

The Board in petitioner's case did not categorically exclude him on the basis of his mental diagnosis. The board found that he suffers "from a present severe emotional disturbance *that constitutes a danger to the health or safety of the community*." Respondent's Ex. 103, p. 138 (emphasis added). According to this language, the board did not deny petitioner's parole based on his mental disturbance *per se*, but based on a conclusion that the disturbance renders him a danger to the community. It reached this conclusion "based on the Doctor's report and diagnosis, coupled with all the information that the board is considering...." *Id.* This determination is consistent with *Thomson*, 295 F.3d at 894 n.4. The Oregon Court of Appeal's decision to affirm the Board's deferral does not constitute an unreasonable application of federal law.

Petitioner's RA claim fails for the same reason. Absent contrary indication, the ADA does

Page 7 - FINDINGS AND RECOMMENDATION

not "apply a lesser standard than the standards applied under title V of the [RA]." 42 U.S.C. § 12201(a). Congress's directive "requires [the Supreme Court] to construe the ADA to grant at least as much protection as provided by the regulations implementing the [RA]." *Bragdon v. Abbott*, 524 U.S. 624, 632 (1998). Hence, a decision that is not unreasonable in light of the ADA is also not unreasonable in light of the RA. Accordingly, petitioner's ADA and RA claims are without merit.

## RECOMMENDATION

For the reasons set forth above, the Petition for Writ of Habeas Corpus (# 1) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due by February 21, 2012. If no objections are filed, then the Findings and Recommendation will

go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 1st day of February, 2012.

    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge